UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REMINGTYN A. WILLIAMS, et. al.,** | \* | **CIVIL ACTION NUMBER:** |
| **Plaintiffs** | \* | **21-cv-0852 c/w 21-1079** |
| | \* | |
| **VERSUS** | \* | **SECTION "T"** |
| | \* | **JUDGE GUIDRY** |
| | \* | |
| **SHAUN FERGUSON, et. al.,** | \* | **MAGISTRATE "5"** |
| **Defendants** | \* | **JUDGE NORTH** |
| | \* | |
| | \* | **REF: 21-cv-00852** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT STATUS REPORT

Per the Court's Scheduling Order, please find below the joint status report pertaining to *Remingtyn Williams, et al. v. Shawn Ferguson, et al.*, No. 21-cv-0852. (*Archer*, R. Doc. 30). This case was consolidated for discovery purposes with *Katharine Archer v. City of New Orleans, et al.*, No. 21-cv-1079. (*Archer*, R. Doc. 33; *Williams*, R. Doc. 75).

**1. A listing of all the parties and counsel who represent the parties;**

| | |
|---|---|
| **Plaintiffs, Remingtyn Williams, Lauren E. Chustz, and Bilal Ali-Bey, on behalf of themselves and all other persons similarly situated** | Stephanie Willis, (La. # 31834) Nora Ahmed, pro hac vice ACLU Foundation of Louisiana |
| | Jahmy S. Graham, pro hac vice Mary C. Biscoe-Hall, pro hac vice Priscilla Szeto, pro hac vice Nelson Mullins Riley & Scarborough, LLP |
| **Defendant, Lamar Davis, in his official capacity as Superintendent of the Louisiana State Police** | Gregory Fahrenholt, (La # 28572) Dennis Phayer, (La # 10408) Burglass and Tankersley, L.L.C |
| **Defendant, Joseph Lopinto, III, in his official capacity as Sheriff of Jefferson Parish** | Daniel Martiny, (La. # 9012) James Mullaly, (La. #28296) Martiny & Associates, LLC |

1

| | |
|---|---|
| **Defendants, Shaun Ferguson, in his Official capacity as Superintendent of the New Orleans Police Department, Officer Travis Johnson, Officer Jason Jorgenson, Officer Devin Joseph, Officer Michael Pierce, Sgt. Travis Ward, Officer David Desalvo, Officer Wesley Humbles, Officer Arden Taylor, Jr. Officer Frank Vitrano, Sgt. Evan Cox, Lt. Merlin Bush, Officer Michael Devezin, Officer Bryan Bissell, Officer Daniel Grijalva, Officer Brandon Abadie, Officer Devin Johnson, Officer Douglas Boudreau, Officer Matthew Connolly, Sgt. Terrence Hillard, Officer Jonathan Burnette, Officer Justin McCubbins, Officer Kenneth Kuykindall, Officer Zachary Vogel, Sgt. Lamont Walker, Officer Denzel Millon, Officer Raphael Rico, Officer Jamal Kendrick, Sgt. Daniel Hiatt, Officer Jeffrey Crouch, Officer John Cabral, Officer James Cunningham, Officer Demond Davis, Officer Josh Diaz, Sgt. Stephen Nguyen, Officer Vinh Nguyen, Officer Matthew McKoan, Captain Brian Lampard, Captain Lejon Roberts, Deputy Chief John Thomas** | Renee Goudeau, (La. # 33157) Mark Daniel Macnamara, (La. 24532) Corwin St. Raymond, (La. # 31330) Churita Hansell, (La # 25694) Donesia Turner, (La. # 23338) City Attorney's Office |

**2. A listing of any motions pending for decision in this case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings;**

Defendant, Lamar A. Davis, in his official capacity as the Superintendent of the Louisiana State Police filed an appeal of his denial of Eleventh Amendment sovereign immunity to the United States Fifth Circuit Court of Appeal.  R. Doc. 77; USCA Case Number 22-30181.

Defendant, Sheriff Lopinto, in his official capacity as Sheriff of Jefferson Parish filed a motion for reconsideration regarding the denial of his motion to dismiss or, alternatively, summary judgment.  The submission date for this motion is May 25, 2022 at 10:00 a.m.  R. Doc. 81.

4892-5051-2414 v.2 033999/02661, 4:22 PM, 05/02/2022

**3. The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is a jury or non-jury; and the number of expected trial days;**

**Pretrial Conference:** Wednesday, November 2, 2022 at 10:00 a.m.
**Trial Date:** Monday, November 28, 2022 at 9:30 a.m.
**Trial Type:** Jury Trial
**Trial Duration:** 5 days

The parties are currently scheduled to meet and confer concerning a forthcoming request to modify the scheduling order in these consolidated cases—as applied in the *Williams* case in light of the differences between this matter and the *Archer* case. In particular, the *Williams* matter involves Defendants not involved in *Archer* and, based on the current posture of the *Williams* matter, it is becoming evident that more time will be needed to complete discovery, in light of the number of claims, defenses, parties, and class issues. The current scheduling order also does not account for the class certification stage in the *Williams* matter.

**4. A BRIEF description of the factual and legal issues underlying the dispute;**

**Plaintiffs' Statement of the Issues:**

On the night of June 3, 2020, Plaintiffs, along with several hundred other peaceful protesters, gathered on the Crescent City Connection ("the bridge") to demonstrate against racial injustice at the hands of law enforcement sparked by the murder of George Floyd. The protesters marched up the westbound lanes of Highway 90 toward the bridge. On the roadway, the New Orleans Police Officer ("NOPD") were waiting with a police cordon to prevent the protesters from crossing the bridge. On information and belief, Plaintiffs have alleged that Jefferson Parish and Louisiana State police officers were also present during the ensuing events on the bridge. After a lengthy standoff and attempts at peaceful negotiations, a small group of agitated demonstrators passed through an opening in the police line while others raised their hands chanting, "Hands up, don't shoot!" At that time, NOPD officers launched tear gas and unauthorized projectiles at Plaintiffs and other protesters. Afterwards, the protesters largely dispersed and retreated toward the side of the bridge. Plaintiffs allege that, despite the dispersal, NOPD fired several additional canisters of tears gas and began shooting munitions at the crowd of retreating demonstrators. Plaintiffs allege that they and other demonstrators were injured and continue to suffer severe emotional distress as a result of the use of force.

Plaintiffs brought this class action lawsuit against Shaun Ferguson in his official capacity as the Superintendent of the New Orleans Police Department ("NOPD"), forty (40) NOPD officers — all of which were named in their individual capacity, Lamar Davis, in his official capacity as Superintendent of Louisiana State Police ("Davis"), and Joseph Lopinto, in his official capacity as Sheriff of Jefferson Parish ("Lopinto"). Plaintiffs contend "Defendants had no legitimate basis to disperse the peaceful gathering on the night of June 3, 2020 with such extreme use of force." Their federal claims include *Monell* and Supervisory liability First Amendment freedom of speech violations, *Monell* and Supervisory liability for Fourth Amendment excessive force

violations, Title VI violations, Equal Protection clause violations, and Substantive Due Process violations.

**Defendants' Statement of the Issues:**

On the night of June 3, 2020, Plaintiffs, along with several hundred other protestors, gathered on the Crescent City Connection ("the bridge") to demonstrate against the "death of George Floyd." The protestors marched up the westbound lanes of Highway 90 toward the bridge. On the roadway, the New Orleans Police Officer ("NOPD") were waiting with a police barricade to prevent the protestors from crossing the bridge. The NOPD told the protestors to exit the bridge, but the protestors refused and became increasingly unruly and agitated. After a lengthy standoff, the protestors unlawfully pushed through NOPD's established police line placing everyone at risk. At that time, NOPD launched CS gas and stinger rounds to disperse the unruly protestors and reestablish the NOPD police line. Afterwards, the protestors largely dispersed and exited the bridge. All of the foregoing was recorded on police body worn camera and is the best evidence of the events of June 3, 2020.

All of the Defendants collectively deny Plaintiffs' allegations, oppose Plaintiffs' class certification, and maintain that Plaintiffs will be unable to establish the essential elements of their *Monell* claims. Defendants have also asserted additional defenses that are specific to the claims against them. First, NOPD maintains that the use of force was justified and NOPD's actions were reasonable under the circumstance. Further, the NOPD officers named in their individual capacities asserted the defense of qualified immunity. Lopinto maintains that the absence of Jefferson Parish officers and equipment on the night in question warrants dismissal of their claims. Finally, Davis submits that he is entitled to the State of Louisiana's Eleventh Amendment sovereign immunity against all claims in his official capacity and has filed an interlocutory appeal with the U.S. Fifth Circuit to seek clarification. Davis further submits that no Louisiana State Police personnel deployed tear gas grenades or any other munitions described in the Complaint and that no Louisiana State personnel had opportunity to intervene and prevent the use of tear gas and other munitions by officers of the New Orleans Police Department described in the Complaint.

**5. A listing of any discovery that remains to be done; and**

On February 4, 2022 Plaintiffs in the *Williams* case served Requests for Production of Documents, Set One, on Defendants in that action. The parties are currently scheduled to conduct their Rule 26(f) conference on or around May 4, 2022, 30 days after which responses and objections to those discovery requests will become due.

**6. A description of the status of any settlement negotiations.**

Settlement negotiations have not been conducted.

Respectfully submitted,

     */s/ Renee Goudeau*
**RENEE GOUDEAU, LSB #33157**
ASSISTANT CITY ATTORNEY
REGOUDEAU@NOLA.GOV
**MARK DANIEL MACNAMARA, LSB #24532**
ASSISTANT CITY ATTORNEY
DMACNAMARA@NOLA.GOV
**CORWIN ST. RAYMOND, LSB # 31330**
DEPUTY CITY ATTORNEY
CMSTRAYMOND@NOLA.GOV
**CHURITA H. HANSELL, LSB # 25694**
CHIEF DEPUTY CITY ATTORNEY
CHHANSELL@NOLA.GOV
**DONESIA TURNER, LSB # 23338**
CITY ATTORNEY
DONESIA.TURNER@NOLA.GOV
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

*Attorneys for City Defendants*


     */s/ Jahmy S. Graham*
Jahmy S. Graham (Admitted Pro Hac Vice)
jahmy.Graham@nelsonmullins.com
Mary C. Biscoe-Hall (Admitted Pro Hac Vice)
mary.biscoehall@nelsonmullins.com
Priscilla Szeto (Admitted Pro Hac Vice)
priscilla.szeto@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
19191 S. Vermont Avenue, Suite 900
Torrance, CA 90502
(424) 221-2700 (CA Office)
100 S. Charles Street, Suite 1600
Baltimore, MD, 21201
(443) 382-9400 (MD Office)

Stephanie Willis
La. Bar No. 31834
swillis@laaclu.org

5

Nora Ahmed (Admitted Pro Hac Vice)
nahmed@laaclu.org
ACLU Foundation of Louisiana
1340 Poydras St., Suite 2160
New Orleans, LA 70156
(504) 522-0628

*Attorneys for Plaintiffs*


/s/ Daniel R. Martiny
_____

DANIEL MARTINY, LSB # 9012
JAMES B. MULLALY,
MARTINY & ASSOCIATES, LLC
Airline Highway
Suite 201
Metairie, Louisiana 70001
504-834-7676

*Attorneys for Sheriff Joseph Lopinto, III, in his official capacity as Sheriff of Jefferson Parish*


s/ Gregory Fahrenholt
_____

DENNIS C. PHAYER (La. Bar 10408)
GREGORY C. FAHRENHOLT (La. Bar 28572)
BURGLASS AND TANKERSLEY, L.LC.
5213 Airline Drive
Metairie, Louisiana 70001
504-836-0408

*Attorneys for Defendant, Lamar A. Davis, in his official capacity as Superintendent of the Louisiana State Police*

4892-5051-2414 v.2 033999/02661, 4:22 PM, 05/02/2022