# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**REMINGTYN WILLIAMS, ET AL.**          **CIVIL ACTION**

**VERSUS**                              **NO: 21-852**

**SHAUN FERGUSON, ET AL.**              **SECTION: T(5)**

## ORDER

Before the Court is Sheriff Joseph Lopinto's *Motion for Reconsideration*.[1] The Plaintiffs filed a response.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Earlier this year, this Court denied Sheriff Joseph Lopinto's motion to dismiss the Plaintiffs' claims.[3] This Court reasoned that, per the 12(b)(6) standard, the several genuine factual disputes precluded a ruling. Now, Sheriff Lopinto asks this Court to reconsider its decision. Generally, the Sheriff argues the Plaintiffs cannot "allege any individual member of the JPSO" violated their rights because none were on scene during the alleged incidents.[4] Accordingly, Sheriff Lopinto maintains, the Plaintiffs "did not meet their burden" under 12(b)(6).[5] The Plaintiffs disagree.[6] They maintain there is sufficient evidence placing the Sheriff's personnel on scene or

---

[1] R. Doc. 81-1.
[2] R. Doc. 91.
[3] R. Doc. 76.
[4] R. Doc. 81-1 at 2.
[5] *Id.* at 8.
[6] R. Doc. 91.

nearby when the injuries occurred.[7] Additionally, the Plaintiffs contend Sheriff Lopinto has not satisfied the motion for reconsideration standard.[8]

## LAW & ANALYSIS

Under Federal Rule of Civil Procedure 59, a party may "call[] into question the correctness of a judgment" or order, and ask a court to reconsider it.[9] Ultimately, such motions "serve[] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[10] However, reconsideration of an order is a "extraordinary remedy," and it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before."[11] Importantly, district courts have wide discretion in granting or denying motions for reconsideration.[12]

Here, Sheriff Lopinto argues that the Plaintiffs did not "come forward with competent evidence" to rebut his motion to dismiss.[13] Specifically, the Sheriff contends the Plaintiffs cannot point to any evidence, besides unreliable affidavits and news reports, placing his officers in the area. However, this Court considered that same argument in Sheriff Lopinto's motion to dismiss.[14]

---

[7] *Id.* at 2-3.
[8] *Id.* at 6-8.
[9] *Templet v. HydroChem Inc*., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002)).
[10] *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989).
[11] *Id.* at 478-79.
[12] *Id.* at 479.
[13] R. Doc. 81-1 at 7-8.
[14] *See* R. Doc. 76.

2

Ultimately, Rule 59 motions must rely on some mistake of fact or law, or new evidence. The Court cannot identify any change or new development in the Sheriff's filings.[15] As stated before,

> [U]nder 12(b)(6), the Court finds the Plaintiffs have raised sufficient factual allegations, through news reports and sworn affidavits, to show JPSO officers may have been on-scene on the night of the protest.[16]

Accordingly, because Sheriff Lopinto simply "rehash[es]…legal theories, or arguments" that were previously raised, the motion for reconsideration is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, this 9th day of August, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[15] Sheriff Lopinto relies on *Roberts v. City of Shreveport* to argue the "newspaper article cited by Plaintiffs…is not competent summary judgment evidence." 397 F.3d 287, 295 (5th Cir. 2005). Iin *Roberts*, the Fifth Circuit found "no competent summary judgment evidence supports [the] claims" because of unconstitutional deadly the "plaintiffs provide only newspaper articles—classic, inadmissible hearsay." *Id.* However, the court did not find such sources of evidence were forbidden, but instead that they present problems of being "proven up." *Id.* More importantly, the Fifth Circuit took issue with the article because the information contained within it did "not form a pattern of unconstitutional activity." *Id.* Here, the Court finds the news articles in question, along with sworn affidavits, sufficiently prove the existence of constitutional violations at this stage. Furthermore, this is an argument that should have been raised sooner and therefore is inappropriate to consider under Rule 59.

[16] R. Doc. 76 at 8.

3